```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PNC BANK, NATIONAL ASSOCIATION, :   CIVIL ACTION
Trustee of the Harold G. Fulmer,:
III Irrevocable Deed of Trust   :
Dated 8/21/97                   :
                                :
          v.                    :
                                :
AMERUS LIFE INSURANCE COMPANY   :   NO. 05-02966-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                          May 25, 2006

Plaintiff, PNC Bank, is the trustee of a trust, the only asset of which consists of a $10 million life insurance policy insuring the life of a gentleman named Harold G. Fulmer, III.  The defendant is the life insurance company which issued the policy, in 1987.

Under the terms of the trust, PNC Bank became the owner of the policy, and primarily responsible for dealing with the insurance company in matters related to the policy.  On the other hand, the insured and his wife were required to pay the premiums, which aggregated approximately $25,000 per quarter.  Under the terms of the policy, its cash-surrender value could, at the option of the insured, be used to defray premiums.

In May 2004, the defendant terminated the policy for nonpayment of premiums, and declined to reinstate it because Mr. Fulmer could no longer establish insurability, because of some intervening health problems.

Plaintiff contends that the defendant's cancellation of the policy was unjustified, and that the defendant violated its obligation to act in good faith.  The principal factual basis for this accusation is that, allegedly, the defendant misleadingly assured the plaintiff (and the Fulmers) that the premiums already paid were sufficient to keep the policy enforced for a longer period; and that the defendant, after cancelling the policy, assured the plaintiff that the policy would be reinstated, and that there was nothing for the plaintiff or the insured to worry about.

The defendant disagrees with plaintiff's contentions, and insists that its actions were completely in conformity with its contractual obligations in all respects.  Defendant argues that, if any of its employees gave incorrect information to plaintiff, the circumstances were such that, as a matter of law, it would have been unreasonable for plaintiff to rely upon these statements.  Defendant has therefore moved for summary judgment.

After argument, I conclude that the summary judgment record establishes the existence of several material disputes of fact.  There are disputed issues as to precisely what assurances were given by whom; and, of greater importance, whether reliance was or was not reasonable is a factual matter, to be determined at trial.  I further conclude that it is not possible to rule, as a matter of law, as to whether the plaintiff's own (alleged)

errors sufficed to break the chain of causation.  Defendant's motion for summary judgment will therefore be denied.

      An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PNC BANK, NATIONAL ASSOCIATION, :   CIVIL ACTION
Trustee of the Harold G. Fulmer,:
III Irrevocable Deed of Trust   :
Dated 8/21/97                   :
                                :
          v.                    :
                                :
AMERUS LIFE INSURANCE COMPANY   :   NO. 05-02966-JF
```

ORDER

AND NOW, this 25th day of May 2006, upon consideration of defendant's motion for summary judgment, and plaintiff's response, IT IS ORDERED:

That defendant's motion for summary judgment is DENIED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.